IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2016

## STATE OF TENNESSEE v. BAKARY KASSAMA

**Appeal from the Criminal Court for Shelby County
Nos. 10-05371, 10-05379, 10-05380     John W. Campbell, Judge**

_____

**No. W2016-00084-CCA-R3-CD  -  Filed September 9, 2016**

_____

The defendant, Bakary Kassama, appeals the trial court's summary dismissal of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. Because the defendant failed to state a colorable claim for Rule 36.1 relief, we affirm the summary dismissal of the motion pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Bakary Kassama, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and G. Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On August 19, 2010, the Shelby County Grand Jury returned three indictments against the defendant charging him with a number of offenses involving different victims. These included indictment number 10-05371, which charged him with two counts of aggravated robbery; indictment number 10-05379, which charged him with especially aggravated kidnapping, aggravated robbery, and employing a firearm during the commission of a dangerous felony; and indictment number 10-05380, which charged him with aggravated robbery.  On May 16, 2011, the defendant pled guilty in case numbers 10-05379 and 10-05380 to especially aggravated kidnapping and two counts of aggravated robbery in exchange for concurrent sentences of fifteen, eight, and eight

years, respectively. On June 3, 2011, the defendant pled guilty in case number 10-05371 to two counts of aggravated robbery in exchange for concurrent sentences of eight years in each count. The sentences in all three cases were ordered to be served concurrently, for a total effective sentence of fifteen years at 100% in the Department of Correction. According to the defendant, the employment of a firearm count of the indictment was dismissed pursuant to his plea agreement.

On December 1, 2015, the defendant filed a Rule 36.1 motion to correct an illegal sentence. His argument, as we understand it, is that the especially aggravated kidnapping conviction and sentence is illegal because his charge of employing a firearm during the felony was dismissed, which, in his mind, removed an essential element of the offense of especially aggravated kidnapping. The defendant, thus, argues that his sentence is illegal because he "pled unknowingly and unintelligently to a serious Class A Especially Aggr[a]vated Kidnapping Charge." He further argues that his trial counsel was ineffective for allowing him to enter the plea to the offense "knowing the elements charged d[id] [not] match the charge [he] was charged for."

On December 11, 2015, the trial court entered an order dismissing the motion without a hearing on the basis that it failed to state a colorable claim for Rule 36.1 relief. Thereafter, the defendant filed a timely notice of appeal to this court.

We affirm the summary dismissal of the motion. Rule 36.1 defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The defendant has not alleged any facts that would show that his sentence is illegal but, instead, only that he misunderstands the law and the fact that the charge of employing a firearm could be dismissed without affecting the underlying facts in support of his conviction for especially aggravated kidnapping. Accordingly, we conclude that the motion fails to state a colorable claim for Rule 36.1 relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

2